UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**ERIBERT JEANIS, and all similarly
situated individuals**

    **Plaintiff,**

v.   Case No:  2:11-cv-165-FtM-29SPC

**WASTE PRO USA, INC.,**

    **Defendant.**
_____/

## **ORDER**

This matter comes before the Court on Defendant's Motion for Sanctions and Motion to Compel Plaintiff's Deposition (Doc. #24) filed on October 23, 2012.  Seeing that Plaintiff had failed to file a response within the time allowed under the Federal and Local Rules, the Court directed Plaintiff to file a response on or before November 15, 2012.  The Court cautioned Plaintiff that if no response was filed, the Court would rule on the Motion without the benefit of a response.  Plaintiff has failed to file a response.  Therefore, the Motion is ripe for review.

Defendant asserts in the instant Motion that Plaintiff's deposition was scheduled and noticed for October 18, 2012 in Fort Myers, Florida.  Defense counsel is located in Tampa, Florida and travelled to Fort Myers, Florida to conduct the deposition on that day.  Defense counsel also had a court reporter present and ready at the deposition.  Plaintiff's counsel appeared by telephone which was mutually agreed upon by the parties.  However, Defendant informs the Court that Plaintiff never appeared at the deposition.  Further, Defendant asserts that according to Plaintiff's counsel, Plaintiff was reminded of his deposition a few days before the date and that the deposition had been set several weeks before that.

Defendant now moves for sanctions pursuant to Federal Rule 37(d), requesting reimbursement of fees and costs incurred as a result of Plaintiff's failure to appear at his deposition. Rule 37(d) provides for sanctions when a party wholly fails to appear for his properly noticed deposition.

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3). The referenced sanctions available under 37(b)(2)(A)(i)-(vi) are:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party ....

Under Rule 37, the Court may deny a request for expenses "if it determines that opposition to the motion was substantially justified or that other circumstances would make an award of expense[s] unjust." Reedy v. Lull Engineering Co., Inc., 137 F.R.D. 405, 409 (M.D. Fla. 1991). "The burden of establishing substantial justification is on the party being sanctioned." Monelus v. Tocodrian, Inc., 2008 WL 1914872, *2 (S.D. Fla. April 25, 2008).

In this case, the Court has allowed the Plaintiff ample opportunity to advise the Court of any hardship prohibiting attendance at the deposition. The Court, however, has not been informed by Plaintiff of any substantial justification for his failure to appear at his deposition even though he has been afforded the opportunity to do so. The Court also does not otherwise

see any circumstances that would make an award of monetary sanctions "unjust." The deposition had apparently been noticed for October 18, 2012, and was set several weeks before it occurred. Further, it appears that Plaintiff's counsel reminded Plaintiff of the date. The Plaintiff has failed to advise the Court of any reason he was not present. Therefore, the Court will grant Defendant's request for monetary sanctions with the amount to be determined. Defendant's counsel asks that he be given 14 days to file documentation reflecting the fees and costs associated with its attempt to take Plaintiff's deposition and prepare this motion for sanctions. The Court will issue an Order under separate cover after that documentation has been filed.

Defendant also requests that the Court compel Plaintiff to appear at his deposition. The discovery deadline in this case is set for November 30, 2012. (Doc. #25). Defense counsel had requested in his Motion that Plaintiff be compelled to attend his deposition by October 31, 2012. As that date has passed, the Court will grant Defendant's Motion to Compel Plaintiff to sit for his deposition at a date and time that is convenient for Defense counsel to occur prior to November 30, 2012.

Accordingly, it is now

**ORDERED:**

(1) Defendant's Motion for Sanctions and Motion to Compel Plaintiff's Deposition (Doc. #24) is **GRANTED**.

(2) Defendant shall have up to and including **November 30, 2012** to submit documentation reflecting the fees and costs associated with its attempt to take Plaintiff's deposition and prepare this motion.

(3) Plaintiff shall appear for his deposition at a date and time convenient for Defense counsel to occur on or before **November 30, 2012**.

**DONE** and **ORDERED** in Fort Myers, Florida this 16th day of November, 2012.

/s/ Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record