UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERIBERT JEANIS,

    Plaintiff,

v.                                              Case No:  2:11-cv-165-Ftm-29SPC

WASTE PRO USA, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Plaintiff, Eribert Jeanis and Defendant, Waste Pro USA, Inc.'s Joint Motion to Approve Settlement and Stipulate to Dismissal (Doc. #38) filed on January 10, 2013. The Parties indicate they have reached a settlement of the Plaintiff's claims against the Defendant.

      This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq.* The Parties have reached a settlement agreement and seek court approval of that agreement. In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  There are two ways for a claim under the FLSA to be settled or compromised. Id. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. Id. at 1353. The second is under 29 U.S.C. §216(b), when an action is brought by employees against their employer to recover back wages. Id.  When the

employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. Id. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit,

> [p]rovides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354.

In this case, the Parties have agreed to a settlement amount of $5,520.00 to the Plaintiff in full and final satisfaction of their FLSA claim, including their claims for attorney's fees and costs. The Plaintiff, Eribert Jeanis, has agreed to accept $1,238.50 for lost wages (less applicable taxes), $1,238.50 for liquidated damages, and $3,043 to be paid to Plaintiff's counsel, on Plaintiff's behalf, for fees and costs.

In the Joint Motion to Approve Settlement submitted by the Parties, (Doc. #38), the Parties agree that the Plaintiff has been offered a fair and reasonable settlement, with compromise, for all the work performed on Defendants' behalf, and that the settlement between the Parties constitutes a fair and reasonable resolution of a bona fide dispute over FLSA issues. Thus, having thoroughly reviewed the settlement documentation, the Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA. Further,

pursuant to Fed. R. Civ. P. 41, the Court finds that this case should be dismissed with prejudice as to Defendant, Waste Pro USA, Inc.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Plaintiff Eribert Jeanis and the Defendant, Waste Pro USA, Inc.'s Joint Motion to Approve Settlement and Stipulate to Dismissal (Doc. #38) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court. It is further respectfully recommended the case should be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk should be directed to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14) days** from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this 14th day of January, 2013.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record